EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT #3753
Assistant U.S. Attorney

CRAIG H. NAKAMURA #3008
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Boulevard
P.O. Box 50183
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: craig.nakamura@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 0 9 2003

at _____ o'clock and ___ m. ___ M.
WALTER A. Y. H. CHINN, CLERK

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   vs.<br><br>PATRICIA LEILANI BRUNSON,<br>  also known as "Leilani Brunson,"<br><br>                Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  CR. NO. CR 03-00176 HG<br><br>INDICTMENT<br><br>[26 U.S.C. § 7206(2)] |

I N D I C T M E N T

The Grand Jury charges that:

COUNT 1

Between in or about February, 1997, and on or about
April 15, 1997, in the District of Hawaii and elsewhere, the
Defendant, PATRICIA LEILANI BRUNSON, did willfully aid and assist
in, and procure, counsel, and advise the preparation and

presentation under, and in connection with any matter arising under, the internal revenue laws, of a U.S. Individual Income Tax Return, Form 1040, of Carl N. for the calendar year 1996, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Carl N. was entitled under the provisions of the internal revenue laws to use the head of household filing status and to claim an earned income credit of $1,675; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Carl N. was not entitled to use the head of household filing status, and was not entitled to claim the earned income credit, in the amount stated in the return, but only a lesser amount.

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 2

Between in or about February, 1997, and on or about April 15, 1997, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a U.S. Individual Income Tax Return, Form 1040, of Liane N. for the calendar year 1996, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that

2

said tax return, among other things, represented that Liane N. was entitled under the provisions of the internal revenue laws to claim medical and dental expenses of $8,386, including medical insurance premiums expenses of $4,379; gifts to charity by cash or check of $1,607, including charitable contributions of $780 to Religious: Word of Life, $150 to Educational Donations, $100 to March of Dimes Bed; $75 to March of Dimes, $50 to Run for Charity, $75 to Muscular Dystrophy, $25 to American Cancer Society, $52 to the Unity Church "To Bosnia With Love," $25 to the Ronald McDonald House, and $150 to the Honolulu Jaycees; and unreimbursed employee expenses of $2,068, including $1,191 for uniform expense and maintenance and $220 for dry cleaning expenses; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Liane N. was not entitled to claim the expenses or the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 3

Between in or about March, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a U.S. Individual Income Tax

Return, Form 1040, of Carl N. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Carl N. was entitled under the provisions of the internal revenue laws to use the head of household filing status and to claim an earned income credit of $2,210; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Carl N. was not entitled to use the head of household filing status, and was not entitled to claim the earned income credit, in the amount stated in the return, but only a lesser amount.

All in violation of Title 26, United States Code, Section 7206(2).

<u>COUNT 4</u>

Between in or about March, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a U.S. Individual Income Tax Return, Form 1040, of Liane N. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Liane N. was entitled under the provisions of the internal revenue laws to

4

use the head of household filing status; to claim an earned income credit of $1,100; to claim an IRA deduction of $1,468; and to claim medical and dental expenses of $11,784 and unreimbursed employee expenses of $1,654, including uniform expenses of $869 and dry cleaning expenses of $427; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Liane N. was not entitled to use the head of household filing status, was not entitled to claim the earned income credit, in the amount stated in the return, but only a lesser amount, was not entitled to claim the IRA deduction of $1,468, and was not entitled to claim the expenses described above in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

### COUNT 5

Between in or about February, 1997, and on or about April 15, 1997, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a joint U.S. Individual Income Tax Return, Form 1040, of Bernardo L. and Carmelita L. for the calendar year 1996, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that

5

said tax return, among other things, represented that Bernardo L. and Carmelita L. were entitled under the provisions of the internal revenue laws to claim medical and dental expenses of $10,329 and unreimbursed employee expenses of $2,006; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Bernardo L. and Carmelita L. were not entitled to claim the expenses described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 6

Between in or about March, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a joint U.S. Individual Income Tax Return, Form 1040, of Bernardo L. and Carmelita L. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Bernardo L. and Carmelita L. were entitled under the provisions of the internal revenue laws to claim medical and dental expenses of $8,615; gifts to charity by cash or check of $3,676; and

6

unreimbursed employee expenses of $3,164; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Bernardo L. and Carmelita L. were not entitled to claim the expenses or the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 7

Between in or about February, 1997, and on or about April 15, 1997, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a joint U.S. Individual Income Tax Return, Form 1040, of William W. and Cathy W. for the calendar year 1996, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that William W. and Cathy W. were entitled under the provisions of the internal revenue laws to claim medical and dental expenses of $8,032, including expenses for physician services of $1,875 and expenses for surgical services of $5,000; gifts to charity by cash or check of $2,600, including charitable contributions to the March of Dimes Annual Bedrace of $100 each for William W. and Cathy W.,

to the Leeward Oahu Jaycees of $225, to the Lyons Club of Hawaii
of $200, and to Muscular Dystrophy of $100 each for William W.
and Cathy W.; gifts to charity by other than cash or check of
$650, including charitable contributions to Goodwill Industries
of a used area rug - large (oriental) worth $75 and to Salvation
Army of a used 3-piece luggage set worth $50; and unreimbursed
employee expenses of $24,978, including job related travel
expenses of $2,650 for William W. and business travels expenses
of $3,300 for Cathy W.; whereas, as Defendant PATRICIA LEILANI
BRUNSON then and there well knew and believed, William W. and
Cathy W. were not entitled to claim the expenses or the gifts to
charity described above, in the amounts stated in the return, but
only lesser amounts.

All in violation of Title 26, United States Code,
Section 7206(2).


COUNT 8

Between on or about February 7, 1998, and on or about
April 15, 1998, in the District of Hawaii and elsewhere, the
Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani
Brunson, did willfully aid and assist in, and procure, counsel,
and advise the preparation and presentation under, and in
connection with any matter arising under, the internal revenue
laws, of a joint U.S. Individual Income Tax Return, Form 1040, of
William W. and Cathy W. for the calendar year 1997, which was
filed with the Internal Revenue Service, which tax return was

8

false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that William W. and Cathy W. were entitled under the provisions of the internal revenue laws to claim medical and dental expenses of $12,652; gifts to charity by cash or check of $5,356; and unreimbursed employee expenses of $23,773, including travel expenses of $1,175 for William W.; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, William W. and Cathy W. were not entitled to claim the expenses or the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT 9

Between in or about February, 1997, and on or about April 15, 1997, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a joint U.S. Individual Income Tax Return, Form 1040, of Lolito D. and Maribelle D. for the calendar year 1996, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Lolito D.

9

and Maribelle D. were entitled under the provisions of the internal revenue laws to claim medical and dental expenses of $13,474; and gifts to charity by cash or check of $5,043; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Lolito D. and Maribelle D. were not entitled to claim the expenses or the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).


## COUNT 10

Between in or about February, 1998, and on or about April 30, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a joint U.S. Individual Income Tax Return, Form 1040, of Lolito D. and Maribelle D. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Lolito D. and Maribelle D. were entitled under the provisions of the internal revenue laws to claim medical and dental expenses of $11,146; and unreimbursed employee expenses of $6,634; whereas,

as Defendant PATRICIA LEILANI BRUNSON then and there well knew
and believed, Lolito D. and Maribelle D. were not entitled to
claim the expenses described above, in the amounts stated in the
return, but only lesser amounts.

All in violation of Title 26, United States Code,
Section 7206(2).


## COUNT 11

Between in or about March, 1997, and on or about April
15, 1997, in the District of Hawaii and elsewhere, the Defendant,
PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did
willfully aid and assist in, and procure, counsel, and advise the
preparation and presentation under, and in connection with any
matter arising under, the internal revenue laws, of a joint U.S.
Individual Income Tax Return, Form 1040, of Rolando C. and Ruth
C. for the calendar year 1996, which was filed with the Internal
Revenue Service, which tax return was false and fraudulent as to
one or more material matters, in that said tax return, among
other things, represented that Rolando C. and Ruth C. were
entitled under the provisions of the internal revenue laws to
claim medical and dental expenses of $8,273; gifts to charity by
cash or check of $2,947; and unreimbursed employee expenses of
$5,735, including $1,620 in parking fees, tolls, and
transportation expenses and $1,655 in other business expenses for
Roland C., and $1,140 in parking fees, tolls and transportation
expenses and $1,320 in travel expenses for Ruth C.; whereas, as

11

Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Roland C. and Ruth C. were not entitled to claim the expenses or the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT 12

Between in or about February, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a U.S. Individual Income Tax Return, Form 1040, of Ruth C. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Ruth C. was entitled under the provisions of the internal revenue laws to use the head of household filing status; to claim an earned income credit of $805; and to claim medical and dental expenses of $4,272; gifts to charity by cash or check of $1,222; and unreimbursed employee expenses of $2,335, including $1,727 for other business expenses and $675 for meals and entertainment expenses; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Ruth C. was not entitled to use the

12

head of household filing status, and was not entitled to claim
the earned income credit, the expenses, or the gifts to charity
described above, in the amounts stated in the return, but only
lesser amounts.

All in violation of Title 26, United States Code,
Section 7206(2).


COUNT 13

Between in or about February, 1998, and or about
April 15, 1998, in the District of Hawaii and elsewhere, the
Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani
Brunson, did willfully aid and assist in, and procure, counsel,
and advise the preparation and presentation under, and in
connection with any matter arising under, the internal revenue
laws, of a U.S. Individual Income Tax Return, Form 1040, of
Rolando C. for the calendar year 1997, which was filed with the
Internal Revenue Service, which tax return was false and
fraudulent as to one or more material matters, in that said tax
return, among other things, represented that Rolando C. was
entitled under the provisions of the internal revenue laws to
claim medical and dental expenses of $5,280; gifts to charity by
cash or check of $3,002; and unreimbursed employee expenses of
$4,081; whereas, as Defendant PATRICIA LEILANI BRUNSON then and
there well knew and believed, Roland C. was not entitled to claim

· 13

the expenses or the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 14

Between on or about March 18, 1997, and on or about April 15, 1997, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a joint U.S. Individual Income Tax Return, Form 1040, of Andrew R. and Lori R. for the calendar year 1996, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Andrew R. and Lori R. were entitled under the provisions of the internal revenue laws to claim unreimbursed employee expenses of $25,312, including vehicle expenses for Andrew R. of $8,345, business uniform expenses of $1,450 for Lori R., and dry cleaning expenses of $375 for Lori R., airfare and hotel expenses totaling $1,883 for Lori R.'s travel to San Diego, and airfare and hotel expenses of $895 for Lori R.'s travel to a convention in Las Vegas; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Andrew R. and Lori R. were not entitled

14

to claim the expenses described above, in the amounts stated in
the return, but only lesser amounts.

All in violation of Title 26, United States Code,
Section 7206(2).

COUNT 15

Between on or about March 17, 1998, and on or about
June 11, 1998, in the District of Hawaii and elsewhere, the
Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani
Brunson, did willfully aid and assist in, and procure, counsel,
and advise the preparation and presentation under, and in
connection with any matter arising under, the internal revenue
laws, of a joint U.S. Individual Income Tax Return, Form 1040, of
Andrew R. and Lori R. for the calendar year 1997, which was filed
with the Internal Revenue Service, which tax return was false and
fraudulent as to one or more material matters, in that said tax
return, among other things, represented that Andrew R. and Lori
R. were entitled under the provisions of the internal revenue
laws to claim medical and dental expenses of $20,406;
unreimbursed employee expenses of $24,850, including vehicle
expenses for Andrew R. of $6,118, work uniform expenses of $2,900
for Lori R., dry cleaning expenses of $550 for Lori R.; whereas,
as Defendant PATRICIA LEILANI BRUNSON then and there well knew
and believed, Andrew R. and Lori R. were not entitled to claim

15

the expenses described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 16

Between in or about February, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a U.S. Individual Income Tax Return, Form 1040, of Cindy L. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Cindy L. was entitled under the provisions of the internal revenue laws to use the head of household filing status; to claim an earned income credit of $2,478; to claim that "Blaze Andrews" was a qualifying child for the earned income credit and had lived with Cindy L. for 12 months during 1997; and to claim medical and dental expenses of $5,711; gifts to charity by cash or check of $810; and unreimbursed employee expenses of $2,268; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Cindy L. was not entitled to use the head of household filing status, was not entitled to claim the earned income credit

16

in the amount stated on the return, but only a lesser amount, did
not have a qualifying child for the earned income credit named
Blaze Andrews who had lived with Cindy L. for 12 months in 1997,
and was not entitled to claim the expenses or the gifts to
charity described above, in the amounts stated in the return, but
only lesser amounts.

All in violation of Title 26, United States Code,
Section 7206(2).

COUNT 17

Between in or about February, 1998, and on or about
April 15, 1998, in the District of Hawaii and elsewhere, the
Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani
Brunson, did willfully aid and assist in, and procure, counsel,
and advise the preparation and presentation under, and in
connection with any matter arising under, the internal revenue
laws, of a U.S. Individual Income Tax Return, Form 1040, of
Richie L. for the calendar year 1997, which was filed with the
Internal Revenue Service, which tax return was false and
fraudulent as to one or more material matters, in that said tax
return, among other things, represented that Richie L. was
entitled under the provisions of the internal revenue laws to
claim medical and dental expenses of $10,085; gifts to charity by
cash or check of $1,700; and unreimbursed employee expenses of
$12,042; whereas, as Defendant PATRICIA LEILANI BRUNSON then and
there well knew and believed, Richie L. was not entitled to claim

17

the expenses or the gifts to charity described above, in the
amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code,
Section 7206(2).

## COUNT 18

Between in or about February, 1998, and on or about
April 15, 1998, in the District of Hawaii and elsewhere, the
Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani
Brunson, did willfully aid and assist in, and procure, counsel,
and advise the preparation and presentation under, and in
connection with any matter arising under, the internal revenue
laws, of a joint U.S. Individual Income Tax Return, Form 1040, of
Rolly F. and Teresita F. for the calendar year 1997, which was
filed with the Internal Revenue Service, which tax return was
false and fraudulent as to one or more material matters, in that
said tax return, among other things, represented that Rolly F.
and Teresita F. were entitled under the provisions of the
internal revenue laws to claim medical and dental expenses of
$15,824; gifts to charity by cash or check of $4,100; and
unreimbursed employee expenses of $7,134, including $790 in
parking fees, tolls, and transportation expenses for Rolly F.,
$300 in parking fees, tolls, and transportation expenses for
Teresita F., and $2,624 in uniforms and protective clothing
expenses; whereas, as Defendant PATRICIA LEILANI BRUNSON then and
there well knew and believed, Rolly F. and Teresita F. were not

entitled to claim the expenses or the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

## COUNT 19

Between on or about February 16, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a joint U.S. Individual Income Tax Return, Form 1040, of Gordon C. and Susan C. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Gordon C. and Susan C. were entitled under the provisions of the internal revenue laws to claim medical and dental expenses of $9,412; and unreimbursed employee expenses of $6,358, including uniform and protective clothing expenses of $3,823; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Gordon C. and Susan C. were not entitled to claim the expenses

described above, in the amounts stated in the return, but only
lesser amounts.

All in violation of Title 26, United States Code,
Section 7206(2).

## COUNT 20

Between in or about March, 1998, and on or about
May 24, 1998, in the District of Hawaii and elsewhere, the
Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani
Brunson, did willfully aid and assist in, and procure, counsel,
and advise the preparation and presentation under, and in
connection with any matter arising under, the internal revenue
laws, of a U.S. Individual Income Tax Return, Form 1040, of
Pamela C. for the calendar year 1997, which was filed with the
Internal Revenue Service, which tax return was false and
fraudulent as to one or more material matters, in that said tax
return, among other things, represented that Pamela C. was
entitled under the provisions of the internal revenue laws to
claim medical and dental expenses of $13,655; gifts to charity by
cash or check of $4,690; and unreimbursed employee expenses of
$4,087, including dry cleaning expenses of $1,040; whereas, as
Defendant PATRICIA LEILANI BRUNSON then and there well knew and
believed, Pamela C. was not entitled to claim the expenses or the

gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT 21

Between on or about April 2, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a U.S. Individual Income Tax Return, Form 1040, of William L. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that William L. was entitled under the provisions of the internal revenue laws to use the head of household filing status and to claim an earned income credit of $2,120; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, William L. was not entitled to use the head of household filing status, and was not entitled to claim the earned income credit in the amount stated in the return, but only a lesser amount.

All in violation of Title 26, United States Code, Section 7206(2).

21

COUNT 22

Between on or about April 2, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a U.S. Individual Income Tax Return, Form 1040, of Lisa L. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Lisa L. was entitled under the provisions of the internal revenue laws to claim medical and dental expenses of $7,187; gifts to charity by cash or check of $3,800; and unreimbursed employee expenses of $2,812, including vehicle expenses of $1,024, meals and entertainment expenses of $358, and uniforms and protective clothing expenses of $1,050; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Lisa L. was not entitled to claim the expenses or the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

22

COUNT 23

Between on or about April 3, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a U.S. Individual Income Tax Return, Form 1040, of Craig B. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Craig B. was entitled under the provisions of the internal revenue laws to claim gifts to charity by cash or check of $3,305, whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Craig B. was not entitled to claim the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT 24

Between on or about April 3, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, did willfully aid and assist in, and procure, counsel, and advise the preparation and

· 23

presentation under, and in connection with any matter arising under, the internal Revenue laws, of a U.S. Individual Income Tax Return, Form 1040, of Laura B. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Laura B. was entitled under the provisions of the internal revenue laws to use the head of household filing status; to claim an earned income credit of $1,196; and to claim gifts to charity by cash or check of $1,700; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Laura B. was not entitled to use the head of household filing status, was not entitled to claim the earned income credit in the amount stated on the return, but only a lesser amount, and was not entitled to claim the gifts to charity described above, in the amount stated in the return, but only a lesser amount.

All in violation of Title 26, United States Code, Section 7206(2).

COUNT 25

Between in or about April 8, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, also known as Leilani Brunson, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue

24

laws, of a U.S. Individual Income Tax Return, Form 1040, of Stanley R. for the calendar year 1997, which was filed with the Internal Revenue Service, which tax return was false and fraudulent as to one or more material matters, in that said tax return, among other things, represented that Stanley R. was entitled under the provisions of the internal revenue laws to claim medical and dental expenses of $12,595; gifts to charity by cash or check of $6,182; and unreimbursed employee expenses of $10,769, including work uniform expenses of $1,647 and dry cleaning expenses of $1,107; whereas, as Defendant PATRICIA LEILANI BRUNSON then and there well knew and believed, Stanley R. was not entitled to claim the expenses or the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).


## COUNT 26

Between on or about April 8, 1998, and on or about April 15, 1998, in the District of Hawaii and elsewhere, the Defendant, PATRICIA LEILANI BRUNSON, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation under, and in connection with any matter arising under, the internal revenue laws, of a U.S. Individual Income Tax

Return, Form 1040, of Becanta R. for the calendar year 1997,
which was filed with the Internal Revenue Service, which tax
return was false and fraudulent as to one or more material
matters, in that said tax return, among other things, represented
that Becanta R. was entitled under the provisions of the internal
revenue laws to use the head of household filing status; to claim
an earned income credit of $803; and to claim gifts to charity by
cash or check of $2,300 and unreimbursed employee expenses of
$2,564, including uniform expenses of $1,169 and dry cleaning
expenses of $760; whereas, as Defendant PATRICIA LEILANI BRUNSON
then and there well knew and believed, Becanta R. was not
entitled to use the head of household filing status, was not
entitled to claim the earned income credit in the amount stated
on the return, but only a lesser amount, and was not entitled to

//

//

//

//

//

//

//

//

//

//

//

claim the expenses or the gifts to charity described above, in the amounts stated in the return, but only lesser amounts.

All in violation of Title 26, United States Code, Section 7206(2).

DATED:  April 9, 2003, at Honolulu, Hawaii.

A TRUE BILL

/s/

FOREPERSON, Grand Jury

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

CRAIG H. NAKAMURA
Assistant U.S. Attorney

UNITED STATES v. PATRICIA LEILANI BRUNSON; Cr. No. _____;
"INDICTMENT"

27